UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LUCKY COUSINS TRUCKING INC.,**

    **Plaintiff,**

v.                                        **CASE NO. 8:16-cv-00866-RAL-TGW**

**QC ENERGY RESOURCES
TEXAS, LLC and QC ENERGY
RESOURCES, LLC,**

    **Defendants.**

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO COUNTS I AND II OF PLAINTIFF'S COMPLAINT**

Defendants, QC Energy Resources, LLC and QC Energy Resources Texas, LLC, answer Counts I and II of Plaintiff's Complaint as follows:[1]

**NATURE OF THE CASE**

1. Defendants admit they entered into a Contractor Agreement with Plaintiff, effective June 14, 2014, in which Plaintiff agreed, among other things, to perform transportation services for Defendants. Defendants refer the Court to the Contractor Agreement and its amendments for a full recitation of its terms. Defendants deny that Exhibit A to the Complaint is an accurate or complete copy of the Contractor Agreement.

2. Defendants deny the allegations of paragraph 2.

3. Defendants deny the allegations of paragraph 3.

---

[1] Defendants are filing contemporaneously with this Answer and Affirmative Defenses their Counterclaim for Injunctive Relief and Damages.

## PARTIES, JURISDICTION, AND VENUE

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, which are therefore denied.

5. Defendants admit the allegations of paragraph 5.

6. Defendants admit the allegations of paragraph 6, except to the extent that QC Energy Resources, LLC's principal place of business is 102 Pickering Way, Suite 105, Exton, PA 19341.

7. Defendants admit the allegations of paragraph 7.

8. Defendants admit they are Delaware limited liability companies. The allegations of paragraph 8 as to Defendants are otherwise denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, which are therefore denied.

9. Defendants deny the allegations of paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10, which are therefore denied.

11. Defendants admit they are subject to personal jurisdiction in the State of Florida. The allegations of paragraph 11 are otherwise denied.

12. Defendants admit that venue is proper according to Section 22(e) of the Contractor Agreement. The allegations of paragraph 12 are otherwise denied.

## FACTUAL BACKGROUND

13. Defendants admit that Plaintiff performed transportation services for Defendants and their customers. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13, which are therefore denied.

14. Defendants admit that Plaintiff hauled oil and water for Defendants and their customers, and that Plaintiff hauled chemicals for customers of Quality Carriers, Inc., which also is a party to the Contractor Agreement. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14, which are therefore denied.

15. Defendants deny the allegations of paragraph 15.

16. Defendants admit that Plaintiff entered into a Sub-Hauler Agreement with QC Energy Resources, Inc., as of November 26, 2013. Defendants refer the Court to the Sub-Hauler Agreement for a full recitation of its terms. The allegations of paragraph 16 are otherwise denied.

17. Defendants admit that Plaintiff performed transportation services under the Sub-Hauler Agreement for Defendants and their customer Pacer Energy Marketing. The allegations of paragraph 17 are otherwise denied.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, which are therefore denied.

19. Defendants deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants admit that Plaintiff performed transportation services under the Sub-Hauler Agreement for Defendants and their customer Sunoco Logistics. The allegations of paragraph 23 are otherwise denied.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, which are therefore denied.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, which are therefore denied.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants admit that Plaintiff performed transportation services under the Sub-Hauler Agreement for Defendants and their customer Chesapeake Energy. The allegations of paragraph 28 are otherwise denied.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, which are therefore denied.

32. Defendants deny the allegations of paragraph 32.

33. Defendants refer the Court to the Contractor Agreement and its amendments for a full recitation of its terms. The allegations of paragraph 33 are otherwise denied.

34. Defendants refer the Court to the Contractor Agreement and its amendments for a full recitation of its terms. The allegations of paragraph 34 are otherwise denied.

35. Defendants admit they entered into a Contractor Agreement with Plaintiff, effective June 14, 2014. Defendants refer the Court to the Contractor Agreement and its amendments for a full recitation of its terms. The allegations of paragraph 35 are otherwise denied.

36. Defendants admit they entered into a Contractor Agreement with Plaintiff, effective June 14, 2014. Defendants refer the Court to the Contractor Agreement and its amendments for a full recitation of its terms. The allegations of paragraph 36 are otherwise denied.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants admit that Infinity Oilfield Services performed transportation services for Defendants and their customer Chesapeake Energy in Ohio and Wyoming. The allegations of paragraph 39 are otherwise denied.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

43. Defendants deny the allegations of paragraph 43.

44. Defendants admit that Plaintiff brought equipment to Ohio. The allegations of paragraph 44 are otherwise denied.

45. Defendants deny the allegations of paragraph 45.

46. Defendants admit that Infinity Oilfield Services performed transportation services for Defendants and their customer Chesapeake Energy in Ohio. The allegations of paragraph 46 are otherwise denied.

47. Defendants deny the allegations of paragraph 47.

48. Defendants admit that in 2014, Rose Rock Midstream acquired crude oil trucking assets, among other things, from Chesapeake Energy. The allegations of paragraph 48 are otherwise denied.

49.     Defendants admit that in connection with Rose Rock Midstream's acquisition from Chesapeake Energy, Rose Rock Midstream entered into a transportation agreement with Chesapeake Energy.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49, which are therefore denied.

50.     Defendants admit they continued to perform transportation services for their customer Chesapeake Energy after Rose Rock Midstream's acquisition from Chesapeake Energy.  The allegations of paragraph 50 are otherwise denied.

51.     Defendants admit that Plaintiff performed transportation services for Defendants and their customer Chesapeake Energy in Texas.  The allegations of paragraph 51 are otherwise denied.

52.     Defendants admit that after Rose Rock Midstream's acquisition from Chesapeake Energy, Rose Rock Midstream performed transportation services for Chesapeake Energy.  The allegations of paragraph 52 are otherwise denied.

53.     Defendants admit that in January 2015, they offered to transition to Plaintiff certain operations of Defendants' terminal in Jourdanton, Texas.  The allegations of paragraph 53 are otherwise denied.

54.     Defendants admit that certain operations of Defendants' terminal in Jourdanton, Texas, were transitioned to Plaintiff on or about February 1, 2015.  The allegations of paragraph 54 are otherwise denied.

55.     Defendants deny the allegations of paragraph 55.

56.     Defendants deny the allegations of paragraph 56.

57.     The allegations of paragraph 57 are so vague and ambiguous that Defendants do not understand them.  Accordingly, the allegations of paragraph 57 are therefore denied.

58. Defendants refer the Court to Section 5 of the Contractor Agreement for a full recitation of its terms. The allegations of paragraph 58 are otherwise denied.

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants admit they responded to a request from their customer Chesapeake Energy for a proposal to perform water transportation services in Texas. The allegations of paragraph 65 are otherwise denied.

66. Defendants deny the allegations of paragraph 66.

67. Defendants admit that their customer Chesapeake Energy awarded the Texas water transportation services work to Defendants. The allegations of paragraph 67 are otherwise denied.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants admit they gave Plaintiff credits and other financial concessions throughout the term of the Contractor Agreement. The allegations of paragraph 70 are otherwise denied.

71. Defendants deny the allegations of paragraph 71.

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

74. Defendants deny the allegations of paragraph 74.

75. Defendants deny the allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76.

77. Defendants admit they gave Plaintiff financial concessions throughout the term of the Contractor Agreement. The allegations of paragraph 77 are otherwise denied.

78. Defendants admit that Plaintiff profited from the Texas water transportation services that Plaintiff performed for Defendants and their customer Chesapeake Energy. The allegations of paragraph 78 are otherwise denied.

79. Defendants admit they were unhappy with the extent of the financial concessions that Plaintiff requested from Defendants and that Defendants gave Plaintiff to support Plaintiff's operations including the Texas water transportation services that Plaintiff performed for Defendants and their customer Chesapeake Energy. The allegations of paragraph 79 are otherwise denied.

80. Defendants deny the allegations of paragraph 80.

81. Defendants admit that the energy market deteriorated in 2015. The allegations of paragraph 81 are otherwise denied.

82. Defendants deny the allegations of paragraph 82.

83. Defendants admit they are aware of certain energy market conditions and of competition in the energy market. The allegations of paragraph 83 are otherwise denied.

84. The allegations of paragraph 84 are so vague and ambiguous that Defendants do not understand them. Accordingly, the allegations of paragraph 84 are therefore denied.

85. Defendants admit they responded to a request from their customer Chesapeake Energy for a proposal to continue performing the Texas water transportation services and, with

Plaintiff's agreement and participation, they proposed a higher rate for the Texas water transportation services. The allegations of paragraph 85 are otherwise denied.

86. Defendants admit their customer Chesapeake Energy did not award the renewal of the Texas water transportation services work to Defendants. The allegations of paragraph 86 are otherwise denied.

87. Defendants deny the allegations of paragraph 87.

88. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88, which are therefore denied.

89. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89, which are therefore denied.

90. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90, which are therefore denied.

91. Defendants deny the allegations of paragraph 91.

92. Defendants admit they did not reimburse Plaintiff for repair and maintenance expenses because Plaintiff agreed in the Contractor Agreement to pay those expenses. The allegations of paragraph 92 are otherwise denied.

93. Defendants admit that from time to time their customer Chesapeake Energy owes Defendants certain amounts for transportation services provided by Defendants to Chesapeake Energy, including approximately $6,000,000.00 in 2015. The allegations of paragraph 93 are otherwise denied.

94. Defendants deny the allegations of paragraph 94.

95. Defendants deny the allegations of paragraph 95.

96. Defendants deny the allegations of paragraph 96.

97. Defendants deny the allegations of paragraph 97.

98. Defendants admit that in 2015 they gave their customer Chesapeake Energy a combined credit and refund of approximately $600,000.00. The allegations of paragraph 98 are otherwise denied.

99. Defendants admit that their customer Chesapeake Energy paid Defendants amounts owed in 2015 for transportation services provided by Defendants to Chesapeake Energy. The allegations of paragraph 99 are otherwise denied.

100. Defendants deny the allegations of paragraph 100.

101. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101, which are therefore denied.

102. Defendants deny the allegations of paragraph 102.

103. Defendants deny the allegations of paragraph 103.

104. Defendants admit that in or before February 2016, Plaintiffs' President, Givo Younani, established Skyline Transport Group, LLC. The allegations of paragraph 104 are otherwise denied.

105. Defendants deny the allegations of paragraph 105.

106. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106, which are therefore denied.

107. The allegations of paragraph 107 are so vague and ambiguous that Defendants do not understand them. Accordingly, the allegations of paragraph 107 are therefore denied.

108. Defendants deny the allegations of paragraph 108.

109. Defendants deny the allegations of paragraph 109.

110. Defendants admit they did not reimburse Plaintiff for repair and maintenance expenses because Plaintiff agreed in the Contractor Agreement to pay those expenses. The allegations of paragraph 110 are otherwise denied.

111. Defendants deny the allegations of paragraph 111.

112. Defendants deny the allegations of paragraph 112.

113. Defendants admit they terminated the Contractor Agreement on March 8, 2016. The allegations of paragraph 113 are otherwise denied.

114. Defendants admit that John Looney and Nick Schrader talked after Defendants terminated the Contractor Agreement. The allegations of paragraph 114 are otherwise denied.

115. Defendants deny the allegations of paragraph 115.

116. Defendants admit that after Defendants terminated the Contractor Agreement Nick Schrader discussed employment with John Looney. The allegations of paragraph 116 are otherwise denied.

117. Defendants deny the allegations of paragraph 117.

118. Defendants admit that after Defendants terminated the Contractor Agreement Nick Schrader asked John Looney for a meeting with drivers who hauled freight for Defendants and their customers. The allegations of paragraph 118 are otherwise denied.

119. Defendants deny the allegations of paragraph 119.

120. Defendants deny the allegations of paragraph 120.

121. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121, which are therefore denied.

122. Defendants admit that after Defendants terminated the Contractor Agreement Givo Younani instructed Nick Schrader, "do not set foot on my property until I talk to my lawyers." The allegations of paragraph 122 are otherwise denied.

123. Defendants deny the allegations of paragraph 123.

124. Defendants admit that after Defendants terminated the Contractor Agreement Nick Schrader contacted Mike Maimo, an employee of Defendants' customer Chesapeake Energy. The allegations of paragraph 124 are otherwise denied.

125. Defendants deny the allegations of paragraph 125.

126. Defendants deny the allegations of paragraph 126.

127. Defendants deny the allegations of paragraph 127.

128. Defendants admit that after Defendants terminated the Contractor Agreement Randy Strutz contacted Mike Maimo, an employee of Defendants' customer Chesapeake Energy. The allegations of paragraph 128 are otherwise denied.

129. Defendants deny the allegations of paragraph 129.

130. Defendants deny the allegations of paragraph 130.

131. Defendants deny the allegations of paragraph 131.

132. Defendants deny the allegations of paragraph 132.

**COUNT I.  DECLARATORY JUDGMENT**

133. Defendants reallege and incorporate their answers to paragraphs 1 through 132.

134. Defendants admit that Plaintiff agreed to restrictive covenants including non-compete and non-solicitation agreements in the Contractor Agreement. Defendants refer the Court to the Contractor Agreement and its amendments for a full recitation of its terms.

Defendants deny that Exhibit A to the Complaint is an accurate or complete copy of the Contractor Agreement.

135. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135, which are therefore denied.

136. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 136, which are therefore denied.

137. Defendants deny the allegations of paragraph 137.

138. Defendants deny the allegations of paragraph 138.

139. Defendants deny the allegations of paragraph 139.

140. Defendants deny the allegations of paragraph 140.

141. Defendants deny the allegations of paragraph 141.

142. Defendants deny the allegations of paragraph 142.

143. Defendants deny the allegations of paragraph 143.

144. Defendants deny the allegations of paragraph 144.

145. Defendants deny the allegations of paragraph 145.

146. Defendants deny the allegations of paragraph 146.

147. Defendants deny the allegations of paragraph 147.

148. Defendants deny the allegations of paragraph 148.

149. Defendants deny the allegations of paragraph 149.

150. Defendants deny the allegations of paragraph 150.

151. Defendants deny the allegations of paragraph 151.

152. Defendants deny the allegations of paragraph 152.

153. Defendants admit that on March 31, 2016, Defendants communicated with Plaintiff about the restrictive covenants in the Contractor Agreement. The allegations of paragraph 153 are otherwise denied.

154. Defendants deny the allegations of paragraph 154.

155. Defendants deny the allegations of paragraph 155.

156. Defendants deny the allegations of paragraph 156.

157. Defendants deny the allegations of paragraph 157.

## COUNT II.  BREACH OF CONTRACT

158. Defendants reallege and incorporate their answers to paragraphs 1 through 157.

159. Defendants admit they terminated the Contractor Agreement on March 8, 2016. The allegations of paragraph 159 are otherwise denied.

160. Defendants deny the allegations of paragraph 160.

161. Defendants deny the allegations of paragraph 161.

162. Defendants deny the allegations of paragraph 162.

163. Defendants admit they terminated the Contractor Agreement on March 8, 2016. Defendants refer the Court to their March 8, 2016 correspondence to Plaintiff for a full recitation of its terms. The allegations of paragraph 163 are otherwise denied.

164. Defendants deny the allegations of paragraph 164.

165. Defendants deny each and every allegation of Counts I and II of Plaintiff's Complaint not specifically admitted in this Answer. Defendants have retained the law firm Shumaker, Loop & Kendrick, LLP and are obligated to pay Shumaker, Loop & Kendrick, LLP reasonable attorneys' fees and costs. Defendants demand judgment for their attorneys' fees and costs incurred defending this action.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' alleged claims, if any, are barred by Plaintiff's prior breaches of the Contractor Agreement.

### Second Affirmative Defense

Plaintiff's alleged claims, if any, are barred by Plaintiff's anticipatory breaches of the Contractor Agreement.

### Third Affirmative Defense

Plaintiff's breaches of the Contractor Agreement discharged Defendants' obligations under the Contractor Agreement.

### Fourth Affirmative Defense

Plaintiff's alleged claims, if any, are barred by the terms of the Contractor Agreement.

### Fifth Affirmative Defense

Plaintiff has not complied with its contractual obligations including, without limitation, conditions precedent to this action.

### Sixth Affirmative Defense

Plaintiff's alleged claims, if any, are barred by the implied contractual covenant of good faith and fair dealing.

### Seventh Affirmative Defense

Plaintiff's alleged claims, if any, are barred by Plaintiff's conduct and the course of dealing between the parties, including Plaintiff's approval and consent.

### Eighth Affirmative Defense

Plaintiff has waived its alleged claims, if any.

### Ninth Affirmative Defense

Plaintiff's alleged claims, if any, are barred by the doctrine of estoppel.

### Tenth Affirmative Defense

Plaintiff's alleged claims, if any, are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Eleventh Affirmative Defense

Plaintiff's alleged claims, if any, are barred by the doctrine of laches.

### Twelfth Affirmative Defense

Plaintiff's alleged claims, if any, are barred by the doctrine of unclean hands.

### Thirteenth Affirmative Defense

Plaintiff's alleged claims, if any, are barred by payment because Plaintiff has been overpaid on the Contractor Agreement.

### Fourteenth Affirmative Defense

Defendants are entitled to set off against Plaintiff's alleged claims, if any, all of Defendants' payments to Plaintiff under the parties' agreements, including the Contractor Agreement, in excess of the amounts, if any, due Plaintiff under those agreements.

### Fifteenth Affirmative Defense

Plaintiff's alleged claims, if any, are subject to recoupment because Defendants made payments to Plaintiff that exceed the amounts due Plaintiff under the parties' agreements, including the Contractor Agreement, and Defendants demand Plaintiff repay the excess amounts to Defendants.

### Sixteenth Affirmative Defense

Plaintiff has failed to mitigate its alleged damages.

### Seventeenth Affirmative Defense

Plaintiff has failed to join as a party and to bring before the Court by proper process all of the alleged antagonistic and adverse interests, including Quality Carriers, Inc., a party to the Contractor Agreement.

### Eighteenth Affirmative Defense

Plaintiff has failed to join an indispensable party.  Quality Carriers, Inc. is an indispensable party to Plaintiff's claims based on the allegations of Plaintiff's Complaint.

### Nineteenth Affirmative Defense

Plaintiff is not entitled to any declaration of rights under the Contractor Agreement due to Plaintiff's breaches of the Contractor Agreement.

### Twentieth Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Defendants hereby give notice that they intend to rely upon such other and further defenses as may be discovered, disclosed, or as may become available or apparent during discovery or other proceedings in this action and hereby reserve their right to amend this Answer and assert all such defenses.

WHEREFORE, Defendants, QC Energy Resources, LLC and QC Energy Resources Texas, LLC, request that Plaintiff's Complaint be dismissed and that Defendants recover their attorneys' fees and costs incurred in this action, together with all other relief the Court deems appropriate.

Dated:  May 16, 2016.
/s/  Ernest J. Marquart
Ernest J. Marquart
Florida Bar No. 905860
Jeffrey B. Fabian
Florida Bar No. 85868
SHUMAKER, LOOP & KENDRICK, LLP
101 East Kennedy Blvd.
Suite 2800
Tampa, Florida 33602
Telephone:  (813) 229-7600
Facsimile: (813) 229-1660
emarquart@slk-law.com (Primary e-mail)
mdesilles@slk-law.com (Secondary e-mail)
jfabian@slk-law.com (Primary e-mail)
ldyer@slk-law.com (Secondary e-mail)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, including the following:

Jonathan E. Pollard
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL  33301
jpollard@pollardllc.com

/s/  Ernest J. Marquart
Attorney