UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUCKY COUSINS TRUCKING, INC.,

    Plaintiff,

v.                                           CASE NO.  8:16-cv-866-T-26TGW

QC ENERGY RESOURCES TEXAS,
LLC, *et al.,*

    Defendants.
_____/

## O R D E R

    Defendants have filed a motion to dismiss counts III, IV, V, and VI of Plaintiff's complaint, thereby prompting this Court to examine its allegations.  In the Court's view, the Plaintiff's complaint is the quintessential shotgun pleading that has been condemned on numerous occasions by the Eleventh Circuit Court of Appeals.  See <u>Davis v. Coca-Cola Bottling Co. Consolidated</u>, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases).[1]  As in <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corporation</u>, 305 F.3d 1293, 1295 (11th Cir. 2002), the complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where

---

[1] The <u>Davis</u> Court, speaking through Judge Tjoflat, also engaged in a thorough and extensive discussion of the havoc that such pleadings wreak on the judicial system, litigants, and the public at large.  516 F.3d at 979-84; see also <u>Weiland v. Palm Bch. Cty. Sheriff's Office</u>, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (recounting the Eleventh Circuit's history dealing with shotgun pleadings on appeal and grouping such pleadings into four categories).

most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Under these circumstances, the Court has the inherent authority, even if not requested by opposing counsel, to demand a repleader *sua sponte*. See Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (suggesting that when faced with a shotgun pleading a district court, acting on its own initiative, should require a repleader); Magluta v. Samples, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001) (noting that district courts confronted by shotgun complaints have the inherent authority to demand repleader *sua sponte*).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff shall replead the complaint within fifteen (15) days of this order.

2) Defendants shall file their response within fifteen (15) days of service.

3) The Motion to Dismiss [Dkt. 9] is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on May 17, 2016.

       s/*Richard A. Lazzara*
       **RICHARD A. LAZZARA**
       **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record