## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LUCKY COUSINS TRUCKING, INC.,

       Plaintiff,

v.                                                   CASE NO.  8:16-cv-866-T-26TGW

QC ENERGY RESOURCES TEXAS,
LLC and QC ENERGY RESOURCES, LLC,

       Defendants.
_____/

QC ENERGY RESOURCES TEXAS, LLC,
QC ENERGY RESOURCES, LLC, QC ENERGY
RESOURCES, INC. and QUALITY CARRIERS,
INC.,

       Counter-Plaintiffs,

v.

LUCKY COUSINS TRUCKING INC.,
GIVO YOUNANI, and SKYLINE
TRANSPORT GROUP, LLC,

       Counter-Defendants.
_____/

## <u>O R D E R</u>

    **THIS CAUSE** comes before the Court on Counter-Plaintiffs' Motion for

Reconsideration of Order Denying Motion for Preliminary Injunction with supporting

exhibits (Dkt. 39) and Affidavits (Dkts. 40, 41, 42) and Counter-Defendants' Response in Opposition (Dkt. 46).

Counter-Plaintiffs seek reconsideration of this Court's denial of the Motion for Preliminary Injunction under Rule 59(e), Federal Rules of Civil Procedure, and also request an evidentiary hearing.  "Reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"  Cin-Q Auto., Inc. v. Buccaneers Ltd. P'ship, 2015 WL 2092810, at *2 (M.D. Fla. May 5, 2015) (citing Kearney v. Auto-Owners Ins. Co., No. 8:06-cv-00595-T-24-TGW, 2010 WL 3062420, at *3 (M.D. Fla. Aug.4, 2010) (quoting Int'l Union of Painters v. Argyros, No. 05-cv-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007)). Counter-Plaintiffs offer the Court no extraordinary basis for revisiting it ruling.  A Rule 59 motion "does not provide an opportunity to simply reargue an issue the Court has once determined.  Court opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'"  Cin-Q, 2015 WL 2092810, at *2 (citing Am. Ass'n of People With Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003) (quoting Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

The Court will not reconsider where the motion, rather than raise new issues, merely relitigates what has already been found lacking.  Gov't Pers. Servs., Inc. v. Gov't Pers. Mutual Life Ins. Co., 759 F. Supp. 792, 793 (M.D. Fla. 1991).  A Rule 59(e) motion

is "not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision." Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 490 (M.D. Fla. 1999).  Therefore, in determining whether reconsideration is warranted, only three circumstances will justify reconsideration:  (1) a change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice.  Cin-Q, 2015 WL 2092810, at *2 (citing Wi-Lan, Inc. v. HTC Corp., 951 F.Supp.2d 1291, 1291 (M.D. Fla. 2013)). Only the third circumstance would possibly apply here inasmuch as no change in law or newly discovered evidence is being alleged.  "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted).

Reconsideration is improper in this instance because Counter-Plaintiffs do not show that the Court's order contains legal error or results in manifest injustice.  This Court carefully considered the Motion for Preliminary Injunction and Response, as well as all of the Affidavits and exhibits filed by the parties, and conclusively found that Counter-Plaintiffs failed to sufficiently demonstrate any of the four prerequisites to granting a preliminary injunction.  In the instant Motion, Counter-Plaintiffs merely seek to reargue the issues and to supplement their original motion with previously available evidence in order to challenge the ruling.  They fail to demonstrate that there are disputed

factual issues requiring an evidentiary hearing and neither the original Motion for Preliminary Injunction nor the instant Motion for Reconsideration refute the Court's well-supported legal conclusions that Counter-Plaintiffs failed to demonstrate irreparable harm, a legitimate business interest, and that the balance of harms favors issuance of an injunction.

ACCORDINGLY, it is **ORDERED AND ADJUDGED**:

Counter-Plaintiffs' Motion for Reconsideration of Order Denying Motion for Preliminary Injunction with supporting exhibits (Dkt. 39) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on September 20, 2016.


s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record