UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUCKY COUSINS TRUCKING, INC.,

    Plaintiff,

v.                                         Case No. 8:16-cv-866-RAL-TGW

QC ENERGY RESOURCES TEXAS, LLC, et al.,

    Defendants.

_____/

**PROTECTIVE ORDER GOVERNING DOCUMENTS
PRODUCED BY CHESAPEAKE OPERATING, LLC**

Discovery issues concerning the use of documents that contain confidential and/or proprietary information ("Confidential Material" as hereinafter defined) have been raised by the third-party subpoena recipient, Chesapeake Operating, LLC ("Chesapeake"). The Court has reviewed the file. Based on the record, Defendants and Counter-Plaintiffs and Chesapeake having agreed, and for good cause, it is hereby ORDERED as follows as to production by Chesapeake:

1. **Introduction and Scope.**

Chesapeake has asserted that certain information is confidential and protected from disclosure or dissemination. The Court has not made any findings as to the confidentiality of any specific information. Instead, this Protective Order establishes a mechanism for the designation and use of certain information in connection with this litigation.

2. **Designation of Confidential Material.**

Chesapeake may designate documents, testimony, and other information produced by the it for use in this case as "Confidential." "Confidential Material" is information not generally known by the general public and used in the conduct of Chesapeake's business, including, but not limited to communications, reports, correspondence, procedures, and other documents and documentation pertaining to Chesapeake's operations. Such documents will be marked

"Confidential". This designation should be made by Chesapeake at the time of production. All such information so designated by Chesapeake shall be considered Confidential Material.

4.   **Use and Disclosure of Confidential Material.**

Each recipient of Confidential Material shall keep the information confidential, and shall use it only for the purposes of this litigation to the extent deemed necessary and unavailable from any other source for the prosecution and defense of this litigation subject to the further restrictions herein. For the guidance of the parties and counsel, permissible uses of Confidential Material for the purposes of this litigation include, but are not limited to, use in connection with depositions, subpoenas, witness interviews, court filings and proceedings, preparation and filing of motions and exhibits, mediation, consultation with experts and other professionals to assist the parties and counsel, consultation between and among the parties and their counsel, advisors, and insurers, when deemed necessary and unavailable from any other source for the prosecution and defense of this litigation

Prior to the use of any Confidential Material, the party proposing to use such Confidential Material shall provide prior written notice to Chesapeake and Chesapeake shall have the opportunity to require the party seeking to use such Confidential Information to seek leave from the Court to file such Confidential Material or materials containing information related thereto under seal.

5.   **Persons Entitled to Receive Confidential Material.**

Counsel for each party and legal assistants and other legal support personnel in their respective offices may receive and use Confidential Material for the purposes of this litigation, as discussed above, and not for any other purpose. Recipients of any Confidential Material shall be provided a copy of this Protective Order governing the use of Confidential Material, and shall be bound by its terms.

6.   **Return or Destruction of Designated Information.**

Upon final termination of this action, including any and all appeals, unless otherwise agreed to in writing by Chesapeake, Defendants and Counter-Plaintiffs shall either assemble and return all

material designated as confidential, including all copies, extracts, and summaries thereof, to Chesapeake, or certify in writing to Chesapeake that all material designated as confidential, including all copies, extracts, and summaries thereof, has been destroyed.

ORDERED on  Dec 2 , 2016.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA